Filed 4/21/26  P. v. Rowland CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>THOMAS KEITH ROWLAND,<br><br>      Defendant and Appellant. | H052708<br>(Santa Clara County<br> Super. Ct. No. C2001993) |

Thomas Keith Rowland was convicted of driving under the influence of alcohol and driving with a blood alcohol content of 0.08 percent or more, with enhancements on both offenses for three prior convictions within ten years for driving under the influence. At sentencing, the trial court suspended imposition of sentence and placed Rowland on probation for five years.  Rowland now appeals.

We appointed counsel to represent Rowland on appeal.  Counsel filed a brief stating the case and the facts, but raising no issues.  Instead, counsel asked us to review the record independently and determine whether there are any arguable issues.  In addition, Rowland filed a supplemental brief raising various claims of error.

Following our independent review of the full appellate record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) (see also *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*)), we requested additional briefing on two issues: (1) whether the prosecutor

unfairly suggested that a peremptory challenge made by Rowland reflected racial bias and (2) whether the five-year probation term was unauthorized. In response to the second request, the Attorney General conceded that the probation term was in excess of the authorized maximum for this case. We agree, and concluding that there are no other arguable issues, we reverse the judgment and remand for resentencing.

## I. BACKGROUND

### A. The Offense

On December 15, 2019, Rowland drove a pickup truck out of a carport and hit a parked vehicle. An eyewitness, who was standing a few feet from the vehicle, observed the collision and saw Rowland drive off afterwards. The eyewitness also saw several people chase after the truck and call for Rowland to stop, which Rowland did no more than 100 feet from the carport that he had exited.

When a police officer arrived, Rowland identified himself as "Tom" but refused to provide any other information. Rowland appeared intoxicated to the police officer. When the officer attempted to conduct field sobriety tests, Rowland tried to grab the officer's flashlight, and the officer decided to transport Rowland to an alcohol investigation facility, where Rowland submitted two breath samples around 7:50 p.m., an hour and a half after the collision. The first test indicated a blood alcohol content (BAC) of 0.29 percent, and the second 0.28 percent.

### B. The Charges

Rowland was charged with three offenses: (1) felony driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)); (2) felony driving with a blood alcohol content of 0.08 percent or more *(id.,* § 23152, subd. (b)); and (3) misdemeanor hit and run causing property damage *(id.,* § 20002, subd. (a)). In addition, the prosecutor alleged that the first two offenses were committed within ten years of three prior convictions for driving under the influence. *(Id.*, § 23550, subd. (a).)

2

### C. The Trial

The case went to trial, which lasted three days. The prosecution presented six witnesses, including an eyewitness to the accident and the police officer who arrived at the scene. The eyewitness testified that Rowland's truck hit the parked vehicle. The officer testified that Rowland appeared intoxicated, that he submitted two breath samples, and that tests on these samples showed blood alcohol content of 0.28 and 0.29 percent. A criminalist testified that few people with a blood alcohol content of 0.08 percent or higher, and no one with a blood alcohol content of 0.28 percent or higher, could operate a motor vehicle safely.

Rowland, who represented himself at trial, testified in his own defense. He said that he was under stress tracing back to separation from his wife in 2007, raising their children as a single parent, coping with a demanding job, and dealing with three prior drunk driving convictions. Rowland also said that the day before the incident at issue, an animal control officer told him she would impound and put down his dog. Rowland acknowledged "that's not an excuse" for his drunk driving, but said that he wanted to "paint a consistent picture where the cause is."

After deliberating for approximately an hour, the jury acquitted Rowland of the hit-and-run charge. However, it convicted him of the two counts of driving under the influence and found true the allegations concerning prior convictions for driving under the influence.

### D. The Sentence

The trial court suspended imposition of sentence and placed Rowland on five years of felony probation. As a condition of probation, the court ordered Rowland to serve 364 days in county jail, with credit for four days of custody.

The trial court also imposed fines, fees, and assessments: a $600 base fine for driving under the influence, a $1,860 penalty assessment, a $300 restitution fine, a $50

3

alcohol abuse education fee, an $80 court security fee, and a $60 criminal conviction assessment fee. In addition, the court imposed but suspended a $300 parole restitution fine. Rowland did not dispute his ability to pay the fines, fees, and assessments.

Rowland filed a timely notice of appeal.

## II. DISCUSSION

In his supplemental brief, Rowland asserts six sets of errors. In addition to reviewing these assertions, we have reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106, and we requested and received supplemental briefing on Rowland's peremptory challenges and the five-year probation term imposed on him. We agree with the Attorney General's concession that the probation term imposed on Rowland exceeds the maximum possible term and therefore the sentence imposed on Rowland is unauthorized. However, we conclude that the record discloses no arguable issue concerning the jury's verdicts.

### A. Prior Convictions

Although Rowland contests the jury's finding that he sustained three convictions for driving under the influence within 10 years of the offense at issue in this case, he does not dispute that the prosecutor presented sufficient evidence of those convictions. Instead, Rowland contends there were "evidentiary problems" that should have precluded his 2013 and 2016 convictions. In connection with the 2013 conviction, he contends that the evidence of his blood alcohol content while driving was flawed because he may have drunk an unknown amount of alcohol *after* driving. In connection with the 2016 conviction, Rowland contends that there was no direct evidence that he had driven his vehicle, and the sheriff failed to disclose audio dispatch logs. These contentions are unavailing. Rowland pleaded guilty in both prior cases and therefore waived any challenge to the evidence of his convictions. (See, e.g., *People v. Richardson* (2021) 65 Cal.App.5th 360, 369.) In addition, Rowland did not raise these contentions concerning

4

his prior convictions in the trial court and therefore cannot raise them for the first time on appeal. (See, e.g., *In re Sheena K.* (2007) 40 Cal.4th 875, 880.)

## B. Due Process

Rowland also asserts that it was arbitrary, and therefore violative of due process, to charge him with a felony for driving under the influence absent any resulting injury simply because he had three prior misdemeanor convictions for driving under the influence. In fact, the Legislature has determined that driving under the influence within 10 years of three or more separate convictions for driving under the influence is a felony. (Veh. Code, § 23550, subd. (a).) In addition, treating the commission of a fourth drunk driving offense as a felony is rationally related to the legitimate public purpose of discouraging the dangerous conduct of drunk driving. (See *People v. Wolfe* (2018) 20 Cal.App.5th 673, 690.) As a consequence, the felony charges against Rowland do not violate due process. For the same reason, punishing a fourth drunk driving offense as a felony does not constitute grossly excessive punishment and does not violate the Eighth Amendment.

## C. Eighth Amendment

Rowland contends that the Eighth Amendment was violated for another reason: Imposition of criminal punishment upon him was unwise and counterproductive because it exacerbated the stress that led to his drunk driving. Rowland also contends that, at least absent injury, driving while under the influence is "really a mental health problem" and that his latest conviction for driving under the influence was in part the result of the punishments for his prior convictions. The Eighth Amendment does not allow reviewing courts to reweigh the wisdom of imposing punishment. (*People v. Scott* (1994) 9 Cal.4th 331, 355.) The Eighth Amendment is violated only by imposition of punishment "so disproportionate as to be cruel and unusual." (*Roper v. Simmons* (2005) 543 U.S. 551, 561.) A term of one year in jail imposed as a condition of probation for a fourth

conviction for driving under the influence does not rise to that level. (Cf. *Rummel v. Estelle* (1980) 445 U.S. 263, 284 [upholding sentence of 12 years to life for third theft conviction].)

### D. Double Jeopardy

Rowland argues that three conditions imposed on his probation—participation in a multiple offender program, application of an ignition interlock device, and suspension of his driver's license—violate double jeopardy because the same conditions were previously imposed for the same violation, apparently in connection with his pretrial release. This argument fails because conditions on pretrial release are not punishment, and double jeopardy does not attach even to pretrial detention. (See, e.g., *United States v. Warneke* (7th Cir. 1999) 199 F.3d 906, 908 ["Pretrial detention does not trigger the attachment of 'jeopardy' so as to invoke the protection of the Double Jeopardy Clause."].) Indeed, the conditions imposed here enabled Rowland to avoid incarceration.

### E. Excessive Probation

Rowland contends that the five years' worth of probation imposed on him is excessive because as a condition of his pre-trial release he had to wear a device to detect alcohol for four years. As noted above, conditions on pretrial release are not punishment. Nor is it cruel and unusual punishment to require, as a condition of probation, that a person convicted of driving under the influence four times in a space of six years wear an alcohol detection device for five years after wearing such a device for four years as a condition of pretrial release.

### F. Trial Errors

Rowland asserts a number of trial errors. None provides an arguable basis for appeal.

6

### 1. *Exclusion of Evidence*

Rowland asserts that the trial court excluded most of the evidence he sought to present. In this argument, Rowland is presumably referring to the trial court's in limine rulings. However, none of them provides a basis for appeal.

Before trial, the trial court excluded as irrelevant some proposed testimony about Rowland's mental state and concerns about the impact of the case. Evidence is relevant if it has "any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.) As the trial court explained to Rowland, his mental and emotional stress was not relevant to any elements of the offenses charged. For the same reason, the trial court properly excluded the testimony that Rowland proposed to elicit from the animal control officer he claimed contributed to his mental distress by threatening to take away his dog.

The trial court also excluded a document from the Department of Motor Vehicles that Roland wanted to use to attack one of his prior drunk driving convictions. The trial court properly excluded this evidence because Rowland forfeited any challenge to his prior convictions by failing to notify the prosecution before trial that he planned to do so.

### 2. *Voir Dire*

Rowland asserts that the trial court improperly restricted his questioning of prospective jurors during voir dire by preventing him from explaining, in response to a juror's question, why he was representing himself. However, trial courts exercise "broad discretion to contain voir dire within reasonable limits" and "decide the questions to be asked on voir dire." (*People v. Contreras* (2013) 58 Cal.4th 123, 143.) The trial court did not abuse its discretion in refusing to allow Rowland to answer this question.

### 3. *Inclusion of Daughter on Witness List*

Rowland contends that the prosecutor improperly attempted to intimidate him by adding his daughter to the witness list shortly before trial without subpoenaing her.

7

However, when the prosecutor added his daughter to the witness list, Rowland did not object and only asked what testimony the prosecutor expected to elicit from her. As a consequence, Rowland forfeited any claim of prosecutorial misconduct based on the inclusion of his daughter in the witness list. (See *People v. Wright* (2021) 12 Cal.5th 419, 444.) In addition, the prosecutor never actually called Rowland's daughter, and therefore her inclusion in the witness list did not infect the trial with the unfairness required for a claim of prosecutorial misconduct. (See, e.g., *People v. Morales* (2001) 25 Cal.4th 34, 44 (*Morales*).)

### 4. *The Hit-and-Run Charge*

Rowland also includes in his list of trial errors that the prosecutor charged him with misdemeanor hit and run knowing that the evidence did not support the charge. In fact, there was evidence supporting the hit-and-run charge: At the preliminary hearing the trial court found sufficient evidence to hold Rowland over on the charge, and at trial an eyewitness testified that Rowland hit a parked vehicle and then drove off, albeit not very far. In any event, far from being swayed by the hit-and-run charge, the jury acquitted Rowland of it.

## G. The Peremptory Strikes

Finally, Rowland asserts that the prosecutor attempted to intimidate him by suggesting that Rowland, who represented himself at trial, displayed racial bias against Asians in excusing prospective jurors. In light of this assertion, we ordered transcription of the voir dire, which was initially reported but untranscribed, as well as supplemental briefing, which Rowland's appointed counsel and the Attorney General supplied. We now conclude that the prosecutor properly objected to one of Rowland's peremptory strikes on the ground that it reflected a pattern of race-based exclusion.

At the beginning of the second day of jury selection, outside the presence of the prospective jurors, the prosecutor stated that Rowland had stricken three apparently Asian

jurors on the first day of selection and that she would object if he struck a fourth Asian juror. Rowland denied any racial bias. However, the trial court explained to Rowland that there appeared to be a pattern, that he needed to be careful with further peremptory challenges, and that he might "need to justify, legally, any further challenges, particularly of Asian jurors."

Later, Rowland exercised a peremptory challenge to another apparently Asian juror, and the prosecutor objected. Outside of the jury's presence, the prosecutor explained that Rowland had displayed a pattern of primarily excluding Asian individuals from the jury. The trial court asked Rowland to explain his latest strike and "the prior challenges that you have used as well." Rowland responded that "it did not appear to me that [the latest stricken juror] had sufficient experience for the defense that I wish to put on and, therefore, may not be able to judge objectively." However, he could not provide further explanation for his opinion. He also did not recall his reasons for striking other apparently Asian jurors the previous day, although he asserted that a significant majority of the remaining jurors were Asian. Finding "a substantial likelihood that an objectively reasonable person would view membership of these jurors that have been excused or attempted to be excused as a factor in the challenge," the court seated the challenged juror. In so doing, the court noted that it was not finding that Rowland had any racist views and that the juror had not been questioned very thoroughly and there was not enough to justify excusing her.

The trial court properly rejected Rowland's peremptory challenge. " ' "Both the federal and state Constitutions prohibit any advocate's use of peremptory challenges to exclude prospective jurors based on race." ' " (*People v. Holmes, McClain and Newborn* (2022) 12 Cal.5th 719, 760; see *Batson v. Kentucky* (1986) 476 U.S. 79; *People v. Wheeler* (1978) 22 Cal.3d 258.) Moreover, in 2020, our Legislature enacted legislation intended to "eliminat[e] the use of group stereotypes and discrimination, whether based

on conscious or unconscious bias, in the exercise of peremptory challenges."
(Stats. 2020, ch. 318, § 1, subd. (c).)  This statute, Code of Civil Procedure section 231.7, prohibits peremptory challenges "on the basis of the prospective juror's race," various other group memberships, or "the perceived membership of the prospective juror in any of those groups."  (Code Civ. Proc., § 231.7, subd. (a).)  The statute allows a party to object to the opposing party's use of a peremptory challenge, without any threshold showing of bias.  (*Id.*, § 231.7, subd. (b).)  After such an objection, "the party exercising the peremptory challenge shall state the reasons the peremptory challenge has been exercised."  (*Id.*, § 231.7, subd. (c).)  The trial court then evaluates the stated reasons for the challenge in light of the totality of the circumstances to determine if there is a "a substantial likelihood that an objectively reasonable person would view race . . . as a factor in the use of the peremptory challenge."  (*Id.*, § 231.7, subd. (d)(1).)  Finally, to sustain an objection, the trial court need not find purposeful discrimination:  Instead, the court may overturn a peremptory challenge based on "unconscious bias."  (*Id.*, § 231.7, subd. (d)(1), (2)(A) & (C).)

Both the prosecutor and the trial court properly applied Code of Civil Procedure section 231.7.  The prosecutor properly objected on the basis of an apparent pattern of striking Asian jurors.  In addition, the trial court properly sustained the objection. Rowland failed to offer a persuasive, race-neutral explanation for the peremptory challenge at issue, only a vague assertion that the juror lacked "sufficient experience for the defense" that he intended to put on, which reasonably could be interpreted to mask an unconscious bias.  Rowland likewise failed to offer any persuasive explanation for his prior challenges to Asian jurors.  In light of the weakness in Rowland's explanations for striking Asian jurors, even though a large proportion of the remaining jurors were Asian, the trial court properly found that an objectively reasonable person would perceive unconscious bias against Asians as a factor in Rowland's challenges.

10

Nor is there any arguable basis for contending that the prosecutor improperly intimidated Rowland by objecting to his peremptory challenge. Rowland's sensitivity to the suggestion of racial bias on his part is understandable. However, the prosecutor did not accuse Rowland of purposeful discrimination or conscious bias. Instead, she spoke in appropriate and nonjudgmental terms about a "pattern" suggesting that race may have been a factor in his challenges, and the trial court reminded Rowland that its decision did not suggest he was consciously biased. Moreover, the prosecutor's objection to Rowland's peremptory challenge was argued outside the presence of the jury. As a consequence, the prosecutor's objection did not render the trial "fundamentally unfair" and does not warrant reversal. (*People v. Ochoa* (1998) 19 Cal.4th 353, 474; see *Morales*, *supra*, 25 Cal.4th at p. 44.)

Rowland's appointed counsel does not suggest any error in the trial court's ruling concerning his peremptory challenge or contend that the prosecutor's objection to the challenge rendered the trial fundamentally unfair. However, counsel contends that Rowland was not fairly apprised that his challenges to apparently Asian jurors might require race-neutral explanation. We disagree. At the beginning of the second day of jury selection, the trial court informed Rowland that he would need to justify any further challenges to Asian jurors. Moreover, counsel cites no authority suggesting the trial court was required to inform Rowland before then of the prohibition against race-based peremptory challenges and the possible need to supply race-neutral explanations for such challenges. Although Rowland is not a lawyer, he chose to represent himself at trial and therefore was required to apprise himself of the procedures that he needed to follow. (*People v. Barnum* (2003) 29 Cal.4th 1210, 1215 ["[A] defendant who chooses to represent himself or herself after knowing, intelligently, and voluntarily forgoing assistance of counsel assumes the risk of his or her own ignorance, and cannot compel the trial court to make up for counsel's absence."].) His convictions cannot be overturned

11

merely because the trial court failed to instruct him on procedures that he may have misunderstood.

## H. Minute Order Error

In our independent review of the record, we noticed an apparent clerical error in the sentencing minute order, dated September 26, 2024. The order includes a $20 lab fee, which was not included in the trial court's oral pronouncement of judgment. Furthermore, the transcript of sentencing states the court is imposing a "DUI base fine . . . plus penalty assessment" for a total of "$2,905," whereas the minute order specifies a penalty assessment of "$1860" and lists $2,950—not $2,905—worth of fines, fees, and assessments without a total.

The minute order should accurately reflect fines, fees, and assessments pronounced by the trial court. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 387-388 ["The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order . . . ."].) In addition, the trial court retains the authority to correct clerical errors. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185; Pen. Code, § 1237.2.) However, because we reverse and remand on the basis of the unauthorized probation term, this discrepancy is moot. Nonetheless, we encourage the trial court to consider whether to impose the lab fee at resentencing and to clarify both the penalty assessment and the total amount of fines, fees, and assessments.

## I. Probation Term

Based on our review of Rowland's sentence, we requested briefing from the parties on whether the five-year probation term was statutorily authorized. The parties agreed that it was not authorized and should therefore be corrected. We agree and therefore reverse the judgment and remand for resentencing in accordance with the restrictions on probation terms in Penal Code section 1203.1, subdivision (*l*)(1).

Under the Penal Code, in granting probation, a trial court generally may suspend imposition or execution of sentence "for a period of time not exceeding two years." (Pen. Code, § 1203.1, subd. (a).) However, this two-year limit does not apply where an offense "includes specific probation lengths within its provisions." (*Id*., § 1203.1, subd. (*l*)(1).) Nevertheless, for such offenses, probation "may continue for a period of time not exceeding the maximum possible term of the sentence." (*Ibid*.) Pursuant to Vehicle Code section 23600, under which violations of Vehicle Code section 23152 are punishable, "a period of probation not less than three nor more than five years" may be imposed. (Veh. Code, § 23600, subd. (b)(1).) However, Rowland faced a maximum possible term of imprisonment of only three years. Although the penalty for violating Vehicle Code section 23152 was increased under Vehicle Code section 23550 for his prior convictions for driving under the influence, as the Attorney General acknowledges, the maximum allowable punishment was still three years in jail. (See Pen. Code, § 1170, subd. (h)(1) [authorizing "imprisonment in a county jail for 16 months, or two or three years"].) Accordingly, under Penal Code section 1203.1, subdivision (*l*)(1), the maximum authorized term was three years. We therefore accept the Attorney General's concession that the five-year probation term imposed by the trial court was unauthorized.

Although the parties agree that "an unauthorized sentence . . . is subject to correction at any time without objection" (*People v. Landry* (2016) 2 Cal.5th 52, 127, fn. 22), they disagree over the appropriate remedy in this case. Citing the Supreme Court's decision in *People v. Prudholme* (2023) 14 Cal.5th 961, 980 (*Prudholme*), Rowland's appellate counsel contends that we should order the trial court to reduce the probation term to three years. However, the Attorney General notes that *Prudholme* directed the trial court to reduce the probation term in the context of a plea bargain, because the reduced term did not alter the bargain so fundamentally that the People should be allowed to withdraw from it. (*Id*. at p. 978.) This point is well taken: The

13

Supreme Court held in *Prudholme* that "the Legislature intended that its new limitations on the maximum term of probation in amended section 1203.1 should be applied to existing, nonfinal *plea agreements* while otherwise maintaining the remainder of the bargain." (*Id.* at p. 979, fn. omitted, italics added.) This rationale does not apply here where there was no plea bargain. As a consequence, we see no reason to prevent the trial court from imposing a new sentence with full knowledge of the statutory options and restrictions. Accordingly, we remand with direction to the trial court to resentence Rowland.

### III. DISPOSITION

The judgment is reversed, and the matter is remanded for resentencing in accordance with current law.

14

_____
BROMBERG, J.

WE CONCUR:

_____
DANNER, ACTING P. J.

_____
KULKARNI, J.*

*People v. Rowland*
H052708

_____

\* Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.